# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1031V**
UNPUBLISHED

| | |
|---|---|
| ZULEIKA APONTE, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 23, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus-Diphtheria-Acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 18, 2020, Zuleika Aponte filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of a tetanus-diphtheria-acellular pertussis (Tdap) vaccination she received on August 10, 2018. Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 23, 2021, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case because her claim meets the Table criteria for SIRVA. Respondent's Rule 4(c) Report at 1, 5-6. Specifically, Petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; Petitioner suffered the onset of pain within 48 hours of vaccination; Petitioner's pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain Petitioner's symptoms. *Id.* at 5. Respondent further agrees that Petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccination. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master