# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-1031V

(not to be published)

| | |
|---|---|
| ZULEIKA APONTE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 18, 2020, Zuleika Aponte filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged the Table claim that she suffered a shoulder injury related to vaccine administration after receiving the tetanus, diphtheria, acellular pertussis vaccine on August 10, 2018. Petition, ECF No. 1. On September 2, 2022, I issued a decision awarding damages to Petitioner, following damages briefing by the parties. ECF No. 38.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,211.39 (representing $15,687.50 for fees and $523.89 for costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorneys' Fees and Costs ("Motion") filed Feb. 20, 2023, ECF No. 44. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 43.

Respondent reacted to the motion on Feb. 21, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable, and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $350 for work performed by Bridget McCullough - representing a rate increase of $50. Attachment to Motion at 8. I find these hourly rates to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

I note this case required additional briefing regarding the issue of damages. *See* Status Report; filed Mar. 21, 2022, ECF No. 28 (reporting that the parties have reached an impasse regarding damages discussions); Petitioner's Brief in Support of Damages; filed Aug. 3, 2022, ECF No. 34. Petitioner did not file any responsive damages brief thereafter. Petitioner's counsel expended approximately 6.90 hours drafting her brief in support of damages. Motion at 8. I find this amount of time to be reasonable.

Furthermore, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$16,211.39 (representing $15,687.50 for fees and $523.89 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bridget C. McCullough.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.